```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FELIPE COLON,                    :
                                 :
      Plaintiff,                 :
                                 :
      v.                         :    CASE NO. 3:08cv38(RNC)
                                 :
THERESA LANTZ, et al.,           :
                                 :
      Defendants.                :
```

RULING ON PENDING MOTIONS
AND CONFERENCE MEMORANDUM

The plaintiff, Felipe Colon, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Connecticut Department of Correction ("DOC") employees Theresa Lantz, Frederick Levesque, Joel Ide, Wayne Choinski and Jeffrey McGill, and Inmates' Legal Assistance Program attorneys Sydney Schulman ("Schulman") and Michael Rubino ("Rubino"). Pending before the court are Schulman and Rubino's motion for reconsideration (doc. #82) and the plaintiff's "motion for an order." (Doc. #83.) On November 18, 2009, the undersigned heard oral argument on the motions and conducted a status conference.

Defendants' motion for reconsideration

Defendants Schulman and Rubino move for reconsideration of the court's January 26, 2009 order granting the plaintiff's motion to compel. The following background is necessary in order to place in context the pending motion.

On June 9, 2008, the plaintiff served defendants Schulman and

Rubino with requests for production.  On June 19, 2008, the defendants objected to certain of the requests.  On August 1, 2008, the plaintiff filed a motion to compel.  (Doc. #52.)  Attached to the plaintiff's motion was a copy of the defendants' response to his requests for production of documents.  On October 15, 2008, when the defendants did not file a response to the plaintiff's motion to compel, the court issued an order to show cause requiring the defendants to file by October 31, 2008 a memorandum "showing cause why the plaintiff's unopposed" motion to compel should not be granted.  <u>See</u> doc. #54.  Notwithstanding the court's order, defendants Schulman and Rubino did not file anything in response to the court's order.  On January 26, 2009, the court granted the plaintiff's motion to compel absent objection or response of any kind.  (Doc. #59.)  <u>See</u> D. Conn. L. Civ. R. 7(a).[1]

Thereafter, on March 17, 2009, the plaintiff filed a "motion to enforce order of the court" seeking the court ordered discovery as to defendants Schulman and Rubino.  (Doc. #69.)  The plaintiff stated that even though the court had granted his motion to compel, the defendants had not provided him with the discovery.  On April 27, 2009, the court held a status conference and on May 5, 2009, issued the following order:

---

[1] Rule 7(a)(1) of the Local Civil Rules of the United State District Court for the District of Connecticut provides that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient grounds to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."

> The plaintiff's "motion to enforce order of the court" (doc. #69) is GRANTED. On August 1, 2008, the plaintiff filed a motion to compel directed to defendants Schulman and Rubino seeking to compel production of documents. (Doc. #52.) The motion included a copy of the discovery requests sought. On January 26, 2009, the court granted the plaintiff's motion absent objection or response of any kind. (Doc. #59.) Notwithstanding the court's order, the defendants have not produced the documents. Defendants Schulman and Rubino shall produce the documents requested by May 15, 2009.

(Doc. #81.)

On May 11, 2009, defendants Schulman and Rubino filed the instant motion for reconsideration of the court's January 26, 2009 order granting the plaintiff's motion to compel. The defendants seek reconsideration of that part of the court's order granting the plaintiff's motion to compel responses to production requests 3 and 4,[2] which the defendants assert seek irrelevant information.

Motions for reconsideration must be filed and served within ten days of the filing of the decision or order from which relief

---

[2]Request for Production 3:
A full copy of all past contracts between the Inmate Legal Assistance Program and the Connecticut Department of Correction.
Response: Objected to in that the request is overly burdensome. There have been various contracts with the Connecticut Department of Correction over the course of twelve and a half years. Previous contracts are irrelevant and production thereof is unnecessary.

Request for Production 4:
Any and all rules, regulations and policies of the Inmates Legal Assistance Program.
Response: Objected to in that are none as relate to inmates but only policies regarding staff personnel of Schulman and Associates as a law firm in [sic] whole.

is sought.  See D. Conn. L. Civ. R. 7(c).  The defendants' motion for reconsideration is untimely because it was not filed until May 11, 2009, well beyond the ten day filing deadline.

Even if the court were to consider the merits of the motion, the motion would be denied.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transport., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

In support of their motion, the defendants state that they served objections to the plaintiff's requests for production on June 19, 2008 and filed them with the court.  The Clerk's office returned the defendants' submission and counsel, who was out of the country at the time, was not aware that the objections had been returned.  The defendants state that they did not file a response to the plaintiff's motion to compel because counsel was under the impression that (1) his objections to the requests for production had been filed with the court and (2) discovery was stayed.  (Doc.

4

#82 at 2.)  There are at least two problems with the defendants' argument:  the local rules prohibit the filing of discovery except "by order of the court," see D. Conn. L. Civ. R. 5(f), and there was no stay in this case.

The defendants' motion does not meet the strict standard for a motion for reconsideration; that is, that it points to no new law, new evidence, or a manifest injustice.  The motion is DENIED.

<u>Plaintiff's Motion for an Order (Doc.#83)</u>

The plaintiff moves for an order requiring the DOC defendants to comply with the court's May 5, 2009 order which states:

> The plaintiff's motion to compel (doc. #62) the DOC to respond to requests for production as modified by the parties is granted. By agreement of the parties, the DOC shall provide Administrative Directives regarding the use of force, classification and disciplinary hearings. The DOC shall make available the requested videos. The defendants shall comply within 10 days of this order. See D. Conn. L. Civ. R. 37(d).

(Doc. #80.)

The plaintiff states that the DOC defendants have not made the requested videos available.  During oral argument, defense counsel represented that there was some miscommunication with the prison facility regarding the tapes and that counsel would deliver the videos immediately to the prison where they would be made available to the plaintiff for viewing.  This aspect of the plaintiff's motion is GRANTED.

During oral argument, the plaintiff stated that the DOC defendants have not provided him with access to his entire master

file. However, the court's May 5, 2009 order did not address the plaintiff's master file. Therefore, because this issue is not encompassed in the court's order that is the subject of the plaintiff's motion, this aspect of the plaintiff's motion is DENIED.

## Memorandum of Status Conference

At the telephonic status conference held on November 18, 2009, the plaintiff represented himself, Attorney Schulman represented himself and defendant Rubino, and Attorney O'Neill represented the DOC defendants.

During the conference, the plaintiff made an oral motion for appointment of counsel. The plaintiff's motion for appointment of counsel is GRANTED.

Also during the status conference, Attorney Schulman made an oral motion for leave to file a motion for summary judgment out of time. The deadline for filing a summary judgment motion was June 26, 2009. (Doc. #79.) Defense counsel has not demonstrated good cause to warrant an extension of this deadline. Accordingly the defendants' request is DENIED.

The joint trial memorandum in the form described in the attached addendum shall be filed on or before January 25, 2010.

SO ORDERED at Hartford, Connecticut this 4th day of December, 2009.

/s/
Donna F. Martinez
United States Magistrate Judge

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

                                Addendum

Case Name       Colon v. Lantz, et al.
Case No.        3:08v38(RNC)

    1. On or before **January 25, 2010,** the parties will jointly prepare and file for approval by the Court a joint trial memorandum. Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case. The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), and must be certified that it is a joint product of consultation between the lawyers trying the case, with the following modifications:

    a. **Witnesses**: Set forth the name and address of each witness to be called at trial. Provide a brief summary of the anticipated testimony of each witness and an estimate of the probable duration of his or her testimony (e.g. less than one hour, two to three hours, one full day). For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the joint memorandum so that it can be addressed prior to trial.

b. **Exhibits**: The parties will prepare the list of exhibits required by the Standing Order. The list must specifically identify each exhibit by providing a brief description of the exhibit. The exhibits will be listed in numerical order starting with Plaintiff's Exhibit 1 and Defendant's Exhibit 1. If a party has an objection with regard to a designated exhibit, the objection must be stated in this section of the joint memorandum or it will be waived. Each party will prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk. The duplicate sets of exhibits must be submitted to the Court not later than the day before the final pretrial conference. Counsel will retain the original set of exhibits for use at trial.

c. **Jury Instructions**: In jury cases, the parties will meet and confer for the purpose of preparing and filing tailored jury instructions on the elements of the parties' claims and defenses. The proposed instructions will be submitted as an attachment to the joint trial memorandum. If the parties cannot agree as to the appropriateness of a particular instruction, each party must submit a proposed instruction supported by a brief explanation of its position, including citation to applicable authority.

d. **Anticipated Evidentiary Problems**: The parties will attach motions in limine with memoranda of law concerning any anticipated evidentiary problems.

      e.     **<u>Verdict Form</u>**:  In jury cases the parties will submit as an exhibit to the joint trial memorandum a proposed verdict form suitable for submission to a jury.  The form may require the jury to return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b).  If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal.